# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DEDRICK LAMAR THOMAS,

        Petitioner,

                                 CASE NO. 04-CV-40196-FL

v.                              HONORABLE PAUL V. GADOLA

MILLICENT WARREN,

        Respondent.

_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

Petitioner has filed a motion for a certificate of appealability concerning this Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve

1

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.

The Court denied relief on Petitioner's claims concerning the prosecution's failure to disclose witness statements and investigate alibi witnesses, the validity of a photographic array, the admission of a witness's prior statement, a police witness's reference to Petitioner's photograph, and prosecutorial misconduct.  He now seeks a certificate of appealability as to all of those issues.  The Court, however, finds that a certificate of appealability is not warranted.

First, Petitioner has failed to make a substantial showing of a denial of a constitutional right as to his *Brady* claims.  The witness interview reports were ordered to be disclosed during trial, and Petitioner has not established that such evidence constituted unfair surprise or that he was prejudiced in presenting a defense by any delay in disclosure.  *See Brady v. Maryland*, 373 U.S. 83, 87 (1963); *United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986).  Moreover, there is no clearly established law which states that the police or prosecution have a constitutional obligation to investigate the alleged alibi witnesses.

Second, Petitioner has failed to make a substantial showing of the denial of a constitutional right concerning his prosecutorial misconduct claim.  The prosecutor's argument was based upon a reasonable inference from the evidence, was proper, and did not result in a fundamentally unfair

2

trial.  *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) ; *Byrd v. Collins*, 209 F.3d 486, 535-36 (6th Cir. 2000).

Lastly, Petitioner's remaining habeas claims are barred by procedural default because Petitioner failed to timely object to those matters at trial.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  He also failed to establish cause and prejudice for noncompliance, *id.* at 753, or a resulting fundamental miscarriage of justice.  *See Schlup v. Delo,* 513 U.S. 298, 326-27 (1995).  Reasonable jurists would not find the Court's procedural ruling debatable.  Further, Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his defaulted claims.

Accordingly, for the reasons stated, the Court **DENIES** a certificate of appealability.  Given this determination, the Court also **DENIES** leave to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a).

**SO ORDERED.**

Dated:   <u>   June 20, 2006   </u>            <u>s/Paul V. Gadola                              </u>
                                              HONORABLE PAUL V. GADOLA
                                              UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  <u>  June 21, 2006   </u> , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
<u>                              Janet Van Cleve                                        </u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  <u>              Dedrick Thomas                                </u>.


                                              <u>s/Ruth A. Brissaud                        </u>
                                              Ruth A. Brissaud, Case Manager
                                              (810) 341-7845